**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


MANUEL ALVIDREZ RESENDIZ,

     Plaintiff,


v.                                Case No. 1:22-cv-00735-MLG-JMR


PROGRESSIVE DIRECT INSURANCE COMPANY,

     Defendant.

### MEMORANDUM OPINION GRANTING MOTION TO REMAND AND DENYING REQUEST FOR FEES AND COSTS

This matter comes before the Court on Plaintiff's Motion to Remand ("Motion"), filed November 4, 2022. Doc. 6. Having reviewed the parties' filings, relevant legal authority, and having heard oral argument from counsel, the Court will grant Plaintiff's Motion. However, the Court declines to award Resendiz the fees or costs incurred in seeking remand.

### FACTUAL BACKGROUND

The factual background giving rise to this dispute is straightforward. Manuel Alvidrez Resendiz purchased an automobile insurance policy from Progressive Direct Insurance Company ("Progressive") that provided for $25,000 in liability coverage. Doc. 13 at 1. Because Resendiz did not execute a waiver of uninsured/underinsured (UM/UIM) motorist coverage, Progressive added UM/UIM coverage in an amount equal to liability limits—*i.e.*, $25,000. *Id*. That addition was apparently made without Resendiz's consent, and he was charged an additional premium in the amount of three dollars per month for this coverage. Doc. 6 at 3. Resendiz made a claim for these UM/UIM benefits after he was involved in an automobile accident on November 9, 2019.

1

Doc. 13 at 1-2. Progressive denied this request because Resendiz received $25,000 from the driver of the other vehicle involved in the collision. *Id*. at 2. In Progressive's view, that $25,000 payment "offset [Resendiz's] UM/UIM coverage under the policy." *Id*. Resendiz promised litigation if Progressive did not pay the requested amount, stating he would file a lawsuit alleging violations of various New Mexico statutes including the Trade Practices and Frauds Act ("TPFA") and the New Mexico Unfair Practices Act ("UPA"). Doc. 6-1. When Progressive refused to accede to this demand, Resendiz made good on his threats and filed suit seeking damages pursuant to the TPFA and the UPA. Doc. 1-1. He also presented claims for unjust enrichment and breach of the implied covenant of good faith and fair dealing. *Id*. As a capstone to his Complaint, Resendiz sought an injunction precluding Progressive from engaging in various business practices. *Id*.

Thereafter, Progressive submitted its first Notice of Removal. Doc. 1. Progressive averred that there is complete diversity of the parties and that the amount in controversy exceeds $75,000 thereby establishing jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id*. To support its claims that the amount in controversy exceeds the jurisdictional minimum, Progressive claimed that Resendiz "previously demanded payment costs in amounts that exceed $75,000." *Id*. at 4. Progressive also asserted that the attorney's fees provisions of the TPFA and UPA, coupled with Plaintiff's request for punitive damages "easily satisfies the 'amount in controversy' requirement." *Id*. at 5.

Resendiz subsequently filed a Motion for Remand. Doc. 6. In his motion, Resendiz challenged federal jurisdiction, arguing that Progressive has not demonstrated more than $75,000 is at issue. Doc. 6 at 1. Significantly, Resendiz refuted Progressive's claim that he had demanded $75,000 and provided his demand letter to Progressive, which agreed to settle the matter for $25,000. *Id*. Resendiz further argued that Progressive failed to "establish the requisite amount in

controversy by a preponderance of the evidence" characterizing their damages assessment as mere "conclusory statements." Doc. 6 at 4.

After receiving Resendiz's Motion, and without seeking leave from the Court, Progressive filed an Amended Notice of Removal. Doc. 12. There, Progressive conceded that Resendiz's initial demand had been for $25,000, stating it had made an "inadvertent error." *Id.* at 2. Progressive nevertheless argues that the amount in controversy exceeds $75,000 for the same reasons it identified in its initial filing—Resendiz's request for attorney's fees and punitive damages. Resendiz's reply reiterates many of the same arguments presented in his motion and provides e-mail communications memorializing a post-removal decrease in his settlement offer to $22,500. Doc. 16-1. With briefing now complete, this matter is ripe for this Court's consideration.

## OPINION

**A.    The removing defendant bears the burden to establish the statutory requirements of 28 U.S.C. § 1332(a) and must provide jurisdictional facts sufficient to establish the amount in controversy exceeds $75,000.**

A defendant may remove a civil action from state court to federal court provided the matter satisfies one of the requirements for original jurisdiction. 28 U.S.C. § 1441. To effectuate removal, a defendant must

> file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446.

A plaintiff may challenge the removing defendant's invocation of federal jurisdiction by filing a motion to remand. 28 U.S.C. § 1447(c). Once a motion to remand is filed, "the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating

that removal was proper." *Wilds v. UPS*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (quoting *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)). In considering the propriety of removal, courts are to be mindful that federal courts are courts of limited jurisdiction, and that "[w]e must presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 756 (10th Cir. 2021) (quoting *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016)). Further, removal jurisdiction is at odds with principles of federalism and contravenes the general deference afforded to plaintiffs when picking a forum. *See Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d 528, 531 (S.D.N.Y. 2005). For these reasons, removal statutes are to be narrowly construed and all doubtful cases should be resolved in favor of remand. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals.") (citations omitted).

Where, as here, removal is predicated on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the removing defendant must establish that complete diversity exists between all named plaintiffs and all named defendants and that the amount in controversy exceeds $75,000. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015) ("A federal court has diversity jurisdiction in suits between citizens of different states where the amount in controversy exceeds $75,000."). This obligation is easily met where the plaintiff seeks damages exceeding the jurisdictional amount. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999)). However, "[d]efendants seeking to remove under the general diversity jurisdiction statute—28 U.S.C. § 1332(a)—face a more strenuous burden if the plaintiff requests undefined damages or

4

damages below the jurisdictional minimum." *Id*. In such cases, "the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). This task may be accomplished in a number of ways including through discovery, settlement demands, calculations arising from the complaint's allegations, or through affidavits explaining the cost of complying with the plaintiff's demands. *Id*. at 541–42. "[This] list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant)." *Id*. at 542.

Whatever means the removing party chooses, the defendant must prove jurisdictional facts by a preponderance of the evidence sufficient to establish a case is properly before a federal court. *Frederick*, 683 F.3d at 1245. "Once a defendant meets this burden, remand is appropriate only if the plaintiff can establish that it is legally impossible to recover [the jurisdictional minimum]." *Id*. at 1247. Thus, in this case, if Progressive can prove by a preponderance of the evidence that the jurisdictional minimum has been met, remand is appropriate only if Resendiz can establish that it is legally impossible for him to recover damages in excess of $75,000. *See Frederick*, 683 F.3d at 1248–49.

**B.**     **Progressive has not shown by a preponderance of the evidence that the amount at issue in this litigation exceeds $75,000.**

Progressive first points to the Court Annexed Arbitration Certificate ("Arbitration Certificate") in support of its argument that the amount in controversy exceeds $75,000. Per Second Judicial District Local Rule LR2-603, a party is obligated to file an Arbitration Certificate at the inception of a lawsuit certifying whether the party "is or is not seeking relief other than a money judgment and whether the amount sought exceeds or does not exceed fifty thousand dollars

($50,000.00) exclusive of punitive damages, interest, costs, and attorney fees." N.M. R. Civ. Pro. LR2-603. Resendiz filed his Arbitration Certificate contemporaneous with his complaint affirming that he seeks "relief other than a money judgment and/or seeks relief in excess of fifty thousand ($50,000.00), exclusive of punitive damages, interest, costs, and attorney fees." Doc. 1-1 at 12. Progressive seizes on this affirmation as an indication of the base amount to which the various state law damages claims must be applied. For example, because the UPA contemplates the potential for treble damages, Progressive argues that Resendiz "could be awarded three times the amount of $50,000 totaling $150,000." Doc. 13 at 5. Progressive further notes that the UPA also allows for an award of attorney's fees and costs, which it claims should be included in the relevant computations. *Id*. Finally, Progressive points out that Resendiz's complaint includes a request for punitive damages and asserts that consideration of such an award, in conjunction with Resendiz's other claims, pushes the amount at issue in this litigation beyond the $75,000 threshold necessary to establish federal jurisdiction. *Id.* at 6–7.

       In response, Resendiz asserts that Progressive's arguments in favor of remand are predicated on, in part, a misunderstanding of the representations he made in the Arbitration Certificate. Resendiz notes that his certification was presented in the disjunctive (rather than the conjunctive) and that he "clearly states that Plaintiff seeks relief other than a money judgment **or** relief in excess of $50,000." Doc. 16 at 1 (internal quotation marks omitted and emphasis in original). In other words, Resendiz asserts that in filing the Arbitration Certificate he was not suggesting the value of his claims exceeded $50,000; rather, he was merely alerting the State court that he sought injunctive relief thereby obviating the potential obligation to attend court-annexed arbitration.

Resendiz submits that Progressive's emphasis on the Arbitration Certificate is misplaced and directs the Court instead to the settlement demands he made in this case, each of which fell well below the jurisdictional minimum of $75,000. The first of these offers, which was communicated prior to removal of this case, was in the amount of $25,000. Doc. 6-1. That initial demand communicated the relevant facts and provided detail into the claims and corresponding request for damages. *Id*. Following removal, Resendiz made a second, lower settlement demand of $22,500.[1]

Progressive has not provided any indication that the claims or facts have substantially changed since the inception of this litigation such that the amount at issue has increased significantly. Further, the Court has not been presented with argument as to any costs that Progressive may incur in complying with the requested injunctive relief, which is fair game for purposes of proving the jurisdictional minimum. *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) ("In cases seeking declaratory and injunctive relief, the amount in controversy is measured by the value of the object of the litigation.") (quotation marks and citation omitted).[2] Progressive's efforts to demonstrate that more than $75,000 is at play in this litigation rests entirely on its (arguably erroneous) reading of the Arbitration Certificate and a corresponding estimate of Resendiz's claims for damages should he receive a favorable jury award.

[1] The Court may consider this post-removal settlement offer for purposes of determining the amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("[B]eyond the complaint itself, other documentation can provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward.").

[2] The Tenth Circuit follows the so-called viewpoint rule which "consider[s] either the value of a judgment from the viewpoint of the plaintiff or the cost from the viewpoint of the defendant of injunctive and declaratory relief" to assess "the pecuniary effect an adverse declaration will have on either party to the lawsuit." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021).

But in order to credit these calculations, the Court must ignore Resendiz's two settlement offers—each of which was well below the jurisdictional minimum. That result strikes the Court as unfair. "It does not seem symmetrical for the Defendant be authorized to wield a demand as a sword in establishing jurisdiction in a federal court of limited jurisdiction and then say the plaintiff similarly cannot use settlement demands to establish amounts below the jurisdictional amount." *Swiech v. Fred Loya Ins. Co.*, 264 F. Supp. 3d 1113, 1135 (D.N.M. 2017). Indeed, had Resendiz communicated a settlement offer that exceeded $75,000, Progressive would surely have held up that demand as evidence that the jurisdictional minimum had been satisfied. *See, e.g.*, *Rembert v. Progressive Direct Ins. Co.*, Civil Action No. 2:21-00078, 2021 U.S. Dist. LEXIS 77904 (S.D. Ala. Apr. 21, 2021) (granting remand even though the defendant insurance company provided plaintiff's settlement demands that exceeded $75,000); *Pereza v. Progressive Direct Ins. Co.*, No. 2:15-CV-77, 2015 U.S. Dist. LEXIS 45953 (D. Nev. Apr. 8, 2015) (defendant insurance company provided plaintiff's settlement demands to support its claim that the jurisdictional minimum had been met); *Roberson v. Progressive Sec. Ins. Co.*, Civil Action No. 11-520, 2011 U.S. Dist. LEXIS 117514 (M.D. La. Sep. 15, 2011) (same). But nothing in case law suggests that a plaintiff's settlement offers may be invoked only to affirmatively establish the amount in controversy. Numerous courts have found that settlement offers below the jurisdictional minimum constitute credible evidence that may support granting a motion to remand. *See, e.g.*, *Swiech*, 264 F. Supp. 3d 1113. *See also Hodges v. Lloyds*, Civil Action No. 16-662, 2017 U.S. Dist. LEXIS 88151, at *20 (M.D. La. May 22, 2017) (granting plaintiff's motion to remand because the court concluded "that the amount demanded in Plaintiffs' settlement demand letter is an honest assessment of the value of [the plaintiff's] claim, which is below the federal jurisdictional requirement"); *Ponko v. Kaminsky*, No. 5:07CV64, 2007 U.S. Dist. LEXIS 81363, at *7 (N.D. W. Va. Nov. 1, 2007) ("The

fact that none of the settlement offers made in this case have been in excess of the jurisdictional

minimum supports remand."). And the Tenth Circuit's pronouncement on the matter contains no

limitation. It has stated simply that "a plaintiff's proposed settlement amount is relevant evidence

of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."[3]

*McPhail*, 529 F.3d at 956. Accordingly, the Court finds that Resendiz's reasonable settlement

offers constitute the best means of assessing the amount in controversy, and based on those offers,

that sum appears to be well south of $75,000.[4]

**E.      The Court will grant the Motion but declines to award fees and costs.**

With the foregoing in mind, the Court concludes that Progressive has not established by a

preponderance of the evidence that the jurisdictional minimum has been met. Resendiz's Motion

is therefore granted. However, one final matter must be addressed. Resendiz seeks the fees and

costs incurred as part of these proceedings.

28 U.S.C. § 1447(c) grants the district court discretion to award attorney's fees incurred as

a result of removal when a case is remanded. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143,

1146 (10th Cir. 2004). "In deciding whether to award costs . . . the key factor is the propriety of

defendant's removal. The district court does not have to find that the state court action has been

---

[3] Other courts have given heightened credence and weight to settlement offers, such as those here, that provide detailed explanation of claims and damages sought. *See, e.g.*, *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) ("[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.") (internal brackets and quotation marks omitted) (quoting *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)). The Tenth Circuit has yet to address the issue.

[4] Because Progressive did not prove by a preponderance of the evidence that the jurisdictional minimum has been met, the Court need not consider whether Resendiz has established that it is legally impossible for him to recover damages exceeding $75,000. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1248-1249.

removed in bad faith as a prerequisite to awarding attorney fees and costs[.]" *Id*. (quoting *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318, 322 (10th Cir. 1997)). Rather, the touchstone of the inquiry is reasonableness. The question "is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id*. at 1147 (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

While its a close call, the Court ultimately concludes that given the scope and nature of Resendiz's claims, Progressive possessed a reasonable basis to assert that the claims at issue exceeded $75,000. For that reason, an award of fees and costs is improper in this matter.

Plaintiff's Motion, Doc. 6, is hereby granted. The Court will enter final judgment and remand this matter to the Second Judicial District Court. It is so ordered.


_____
MATTHEW L. GARCIA
UNITED STATES DISTRICT JUDGE